UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO-GABRIEL DELGADO FLORES, A-240-923-834,<br><br>Petitioner,<br><br>v.<br><br>FACILITY DIRECTOR, MESA VERDE ICE PROCESSING FACILITY,<br><br>Respondent. | No. 1:26-cv-04975-DJC-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1) and the court's minute order. (ECF No. 6.) The first amended petition, respondent's answer, and petitioner's reply are before the court. (ECF Nos. 11, 13, 14.) For the reasons set forth below, the petition should be granted.

**I. Background**

Petitioner is a citizen and native of Venezuela. (ECF No. 13-1 at 1.) Under respondent's evidence, he last entered the United States and was encountered by US Border Patrol on or about July 1, 2022, at or near Del Rio International Bridge in Del Rio, Texas. (ECF No. 13-1 at 2.) Petitioner was paroled into the United States "and released according to official directives at the

time." (Id. 2.)

Petitioner applied for asylum on June 30, 2023. (ECF No. 11, ¶ 2.) Petitioner alleges he complied with all conditions of his ICE supervision while living in the United States for nearly four years. (Id., ¶ 1.) While living in the United States he met his fiancé, maintained gainful employment working as an electrician, gardener, uber driver, and taxi dispatcher to support his three children, practiced his faith at his local church, and volunteered serving food to homeless community members. (Id., ¶¶ 7, 16.)

Under the petition's allegations, on December 2, 2025, petitioner had a misunderstanding with his roommate over a borrowed car. (ECF No. 11, ¶ 17.) Petitioner's roommate was acting aggressively and called the police, who arrested petitioner and charged him with battery. (Id.) Petitioner alleges and respondent does not dispute that any charges were dismissed. (Id.) After petitioner's fiancé paid his bail, he learned there was something called a "hold" on him. (Id.)

Immigration officials located petitioner at the Turner Guilford Knight Correctional Center in Miami-Dade County, Florida on December 3, 2025, after his arrest. (ECF No. 13-1 at 2.) An immigration detainer was issued and processed on December 4, 2025. (Id. at 2.) Petitioner has been in immigration detention since then, for more than eight months. (Id., ¶ 22.)

Petitioner alleges and respondent does not dispute that he was not informed his parole was being revoked or otherwise given notice or an opportunity to review the allegations against him and respond before his custody was transferred to immigration authorities. (ECF No. 11, ¶ 2.) Petitioner was directed to sign papers written in English he did not understand and which he thought were routine for release. (Id.)

In the pending first amended petition, petitioner asserts claims under the Fifth Amendment for violation of his substantive and procedural due process rights and a claim asserting violation of the INA and DHS Regulations. (ECF No. 11, ¶¶ 47-60.) He seeks immediate release from custody. (Id. at 17.)

Respondent filed an answer. (ECF No. 13.) Respondent contends petitioner is ineligible for a bond hearing because he is an "applicant for admission" subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2). (Id. at 1.) Respondent argues that since petitioner was "paroled"

into the United States, he was not "released" into the United States in a manner under which he acquired a liberty interest protected by the Due Process Clause. (Id. at 2-3.)

**II. Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

**III. Discussion**

Petitioner was living in the United States when he was redetained by immigration officials on or about December 4, 2025, and he is not subject to a final order of removal. The applicable detention authority is 8 U.S.C. § 1226. See Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)).

Section 1226(a) expressly authorizes release on bond or conditional parole. See 8 U.S.C. § 1226(a)(1)-(2). Under § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). By not providing petitioner a bond hearing under 8 U.S.C. § 1226(a), immigration officials are violating petitioner's federal rights.

Moreover, petitioner has a liberty interest in his continued freedom protected by the Due Process Clause because he was previously encountered by US Border Patrol on or about July 1, 2022, and was paroled into and released into the United States, after which built a life, gained employment, and developed connections in the community. (ECF No. 13-1 at 2.) A non-citizen's prior release into the United States can create a liberty interest in remaining out of custody. See,

e.g., Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release into the United States after a determination he presents no danger to the community or flight risk gives rise to a "heightened" liberty interest in remaining out of detention). The court rejects respondent's argument that petitioner acquired no such liberty interest when he was paroled into the United States. See, e.g., Chavarria v. Chestnut, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025) ("Many district courts in the Ninth Circuit have found that non-citizens paroled into the United States pursuant to § 1182(d)(5) have a liberty interest in their continued release, entitling them to certain due process protections….").

Having found petitioner has a liberty interest protected by the Due Process Clause, the court applies the test provided in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. 424 U.S. at 335.

Petitioner has a substantial private interest in maintaining his out-of-custody status. Freedom from imprisonment is at the core of the Due Process Clause. Zadvydas, 533 U.S. at 690. Petitioner's private interest in remaining free from detention is strengthened by the fact that he lived freely in his community for a significant period of time while working, supporting his family, and participating in his community. See Doe v Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). The risk of erroneous deprivation of this private interest is considerable because he was denied procedures he was due under 8 U.S.C. § 1226(a) and has not been afforded an individualized determination whether he should be released or detained while removal proceedings are ongoing.

The risk of an erroneous deprivation of petitioner's liberty interest is high because he has not received any individualized bond determination or other process and respondent does not argue he presents a danger to the community or a flight risk. Respondent does not assert petitioner has incurred any criminal convictions during his time in the United States and does not dispute that any charges related to petitioner's arrest for battery were dismissed. The government's interest in detaining petitioner without any procedural protections under these circumstances is "low." See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); Doe v. Becerra, 787 F.

Supp. 3d at 1094 (noting custody hearings in immigration court are routine and impose a "minimal" cost on the government).

On balance, the Mathews factors favor petitioner and show due process required that he be provided an individualized hearing prior to his detention. Respondent points to no reasons why a pre-deprivation hearing could not be held and provides no evidence warranting petitioner's detention on or about December 4, 2025, without providing an individualized hearing or any other process. Accordingly, the court should find petitioner's Fifth Amendment due process rights have been violated.

Given that respondent does not assert any basis for petitioner's detention other than 8 U.S.C. § 1225(b) and does not argue that petitioner presents a flight risk or danger, the appropriate remedy on petitioner's procedural due process claim is his immediate release. Lepe v. Andrews, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025). Resolution of the petition in this manner provides the full scope of relief requested for petitioner. In the interests of judicial economy, the court need not address petitioner's remaining claims.

**IV. Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Respondent be ordered to RELEASE petitioner IMMEDIATELY and respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide seven (7) days' notice to petitioner and a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.
3. Judgment be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **five (5)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 28, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 delg4975.mer